IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY MASON, | |
| Plaintiff, | 4-20-CV-3088 |
| vs. | MEMORANDUM AND ORDER |
| CONTITECH NORTH AMERICA, INC. f/k/a VEYANCE TECHNOLOGIES, INC. , | |
| Defendant. | |

Timothy Mason sued ContiTech North America, Inc. claiming unlawful age discrimination led to his demotion. Filing 1 at 2. This matter is before the Court on ContiTech's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or alternatively for a more definite statement under Fed. R. Civ. P. 12(e). Filing 18. For the reasons set forth below, the motion to dismiss will be granted.

I. BACKGROUND

Mason has been employed as a laborer at ContiTech's Lincoln, Nebraska production plant since 1990. Filing 1 at 1. On June 12, 2017, Mason moved into a new position as a labor balancer. Filing 1 at 1. Mason asked for training in his new position, but Mason's manager denied his request. Filing 1 at 2. On September 25, 2018, Mason was demoted to a position that paid less than his labor balancer position. Filing 1 at 2. Mason was told he was being demoted because his performance was unsatisfactory. Filing 1 at 2. At the time of his demotion, Mason was 55 years old. Filing 1 at 2.

On July 12, 2019, Mason filed a charge of age discrimination with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission. Filing 1 at 1. The NEOC issued a right to sue letter on June 19, 2020 and then Mason filed this lawsuit. Filing 1 at 1. Mason alleges that ContiTech's decision to demote him

> was motivated by age for reasons including but not limited to a) knowledge of his age by [ContiTech,] b) [Mason's] satisfactory performance of the labor balancer job[,] c) false reason for demotion[,] and d) [ContiTech's] failure to follow their own procedure in training the plaintiff in the labor balancer position.

Filing 1 at 2.

ContiTech moved to dismiss Mason's complaint for failure to state a claim, or, in the alternative, for a more definite statement. Filing 18. According to ContiTech, Mason's complaint does not identify any specific claims or the legal basis for those claims, and instead asserts "violation of state and federal law" and "violation of his constitutional rights." *See* filing 18 at 2; filing 1 at 2. ContiTech also argues that Mason's complaint does not allege facts to plausibly establish a claim for age discrimination under state or federal law and must be dismissed. *See* filing 19 at 2.

## II. STANDARD OF REVIEW
### 1. RULE 12(B)(6) MOTION TO DISMISS

A complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

complaint need not contain detailed factual allegations, but must provide more than labels and conclusions; and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). For the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, but is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.*

And to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See Twombly,* 550 U.S. at 545. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id.* at 556.

2. RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. *See* Fed. R. Civ. P. 12(e). Motions for a more definite statement are appropriate where a party cannot determine

the issues he must meet or where there is a major ambiguity or omission in the complaint such that the complaint is unanswerable. *Allstate Indem. Co. v. Dixon,* 304 F.R.D. 580, 582 (W.D. Mo. 2015). A motion for more definite statement is "not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations" nor is it to be used "as a substitute for discovery in trial preparation." *Id.* at 582. (citation omitted); *see Century '21' Shows v. Owens,* 400 F.2d 603, 607 (8th Cir. 1968). Rather, such motions are "designed to strike at unintelligibility rather than lack of detail in the complaint." *Allstate,* 304 F.R.D. at 582; *Ransom v. VFS, Inc.,* 918 F. Supp. 2d 888, 901 (D. Minn. 2013); *see* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d. ed. 2004) ("If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) even if the pleading is vague or ambiguous.")

In light of the liberal standards of notice pleading and the availability of extensive discovery, courts disfavor motions for more definite statement. *Allstate,* 304 F.R.D. at 582; *Ransom,* 918 F. Supp. 2d at 901. A Rule 12(e) motion is only appropriate when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself. *Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc.,* 939 F. Supp. 365 (E.D. Pa. 1996).

### III. DISCUSSION

ContiTech argues that Mason's complaint is "barebones" and a "threadbare compilation of conclusory statements" that fails to state a claim. Filing 19 at 1. And ContiTech complains that Mason did not identify the state or federal law under which his claims arise. *See* filing 19 at 2. Mason responds by suggesting that he is not required to "precisely plead the elements of the prima facie case in an employment discrimination case," so his complaint

complies with the requirements of Rule 8. Filing 22 at 1. Mason also argues that the NEOC documents make clear what legal theory he is pursuing and allow ContiTech to adequately defend against his claim.¹ Filing 22 at 1. But Mason "would prefer an order to make more certain to an order to dismiss," despite his contention that ContiTech's concerns about defending against his claim are overstated. Filing 22 at 4. The Court will address these arguments in turn.

The ADEA prohibits employers from discriminating against employees age 40 and over because of their age. 29 U.S.C. §§ 623(a)(1), 631(a). The ADEA prohibits discrimination against employees age 40 and over because of their age. *See* 29 U.S.C. §§ 623(a), 631(a); *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 798 (8th Cir. 2014). "[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). To establish a claim under the ADEA, a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "but-for" cause of the challenged employer decision. *Tramp*, 768 F.3d at 800. The Nebraska Supreme Court looks to federal decisions interpreting the ADEA in applying the Nebraska Age Discrimination in Employment Act. *See Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002).

A plaintiff may establish a claim of intentional age discrimination either by offering direct evidence of discrimination or by satisfying the *McDonnell*

---

¹ Neither party has filed the NEOC documents, but Mason appears to admit he is pursuing a claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, because he concedes the ADEA does not provide for punitive damages and so his request for them was error. *See* filing 22 at 1.

*Douglas* burden-shifting framework. *Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-803 (1973). Direct evidence includes "conduct or statements by persons involved in making the employment decision directly manifesting a discriminatory attitude . . . that would allow the factfinder to conclude that attitude more likely than not was a motivating factor in the employment decision." *Erickson v. Farmland Indus.*, 271 F.3d 718, 724 (8th Cir. 2001). To establish a prima facie case of age discrimination under *McDonnell Douglas*, a plaintiff must show he (1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012); *see Blackwell v. Alliant Techsystems., Inc.*, 822 F.3d 431, 435 (8th Cir. 2016).

Establishing a prima facie case of age discrimination is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-512 (2002); *Blomker v Jewell,* 831 F.3d 1051, 1056 (8th Cir. 2016). And the normal rules for assessing the sufficiency of a complaint apply to age discrimination claims. *Swierkiewicz,* 534 U.S. at 511. But the elements of a prima facie case are not irrelevant to a plausibility determination in a discrimination suit. *Blomker,* 831 F.3d at 1056. Rather, the elements are part of the background against which a plausibility determination should be made and may be used as a prism to shed light upon the plausibility of the claim. *Id.* And a plaintiff must allege but-for causation. *See Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). Under the simplified notice pleading standard for age discrimination claims, summary judgment motions, not motions to dismiss, should dispose of most unmeritorious claims. *Id.* at 372.

At this early stage in litigation, the burden on Mason is undeniably low. But the Court is not convinced that he has cleared even that very low bar. Accepting as true Mason's factual allegations that at the time of his demotion ContiTech (1) knew his age, and (2) had denied him training despite a written procedure providing for training, those allegations do not plausibly state a claim for age discrimination.

First, Mason does not allege any direct evidence of age discrimination by ContiTech either at the time training was denied or when he was later demoted. For example, no one said or implied that Mason was too old to receive training or hold the labor balancer position. See *Erickson*, 271 F.3d at 724. Rather, Mason alleges that he was at least told he was demoted because his performance was unsatisfactory. Filing 1 at 2.

Second, Mason does not adequately allege facts which plausibly establish a claim under *McDonnell Douglas*. Mason alleges facts accepted as true to satisfy the first two elements of a prima facie case—that he was 55 years old and was demoted. See *Gibson*, 670 F.3d at 856. And he alleges that his performance of the labor balancer job was satisfactory and that ContiTech's suggestion it was unsatisfactory is a "false reason for demotion." Filing 1 at 2. But those allegations are merely labels and conclusions devoid of any factual substance, and the Court need not accept them as true. *Twombly*, 550 U.S. at 555. Moreover, the allegations taken as a whole do not plausibly allege age as the but-for cause of Mason's demotion as required. See *Wilson*, 850 F.3d at 372. And where Mason has also failed to allege that he was replaced by someone younger, see *Gibson*, 670 F.3d at 856, the Court finds no facts from which to infer the required causation.

An order requiring a more definite statement under Rule 12(e) is not the appropriate remedy for Mason's deficient complaint. See *Allstate*, 304 F.R.D.

at 582; *Ransom*, 918 F. Supp. 2d at 901. His complaint is not so unintelligible that it fails to provide notice to ContiTech of the nature of Mason's claim. In fact, Mason's complaint is quite direct in that regard—he is suing ContiTech for unlawful age discrimination based on his demotion. And the Court is not convinced that ContiTech is unable prepare an answer with simple denials to Mason's complaint without prejudice to itself. *See Sun Co., Inc (R&M)*, 939 F. Supp. at 368. But just because Mason's complaint is intelligible does not mean it states a claim under Rule 12(b)(6).

In sum, Mason's "naked assertions devoid of further factual enhancement" cannot survive a motion to dismiss. *See Twombly*, 550 U.S. at 557. Mason's complaint is a classic example of well-pleaded facts that do not permit the court to infer more than the mere possibility of misconduct on the part of ContiTech, and so it has alleged—but has not remotely shown—that Mason is entitled to relief. *See Iqbal*, 556 U.S. at 679. Mason's complaint will therefore be dismissed for failure to state a claim for age discrimination.

A district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014); *see Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015); *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). And Mason could have amended his complaint as of right in response to the defendants' motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). He also could have filed a motion for leave to amend, and attached a complaint with additional facts. *See* Rule 15(a)(2). Mason has not done either, to date, but clearly would prefer an opportunity to amend his claim to an outright dismissal. *See* filing 22 at 4.

Under these circumstances the Court sees fit to allow Mason fourteen days to file a motion to amend his complaint, if he so chooses, under Rule 15. Judgment on this order will be withheld until April 9, 2021. But as for Mason's operative complaint, it will be dismissed.

IT IS ORDERED:

1. Defendants' motion to dismiss (filing 18) is granted.

2. Mason's complaint (filing 1) is dismissed.

3. Mason may file a motion for leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15 and NECivR 15.1, on or before April 9, 2021.

4. The Clerk of the Court is directed to set a case management deadline for April 9, 2021 with the following docket text: check for motion to amend complaint.

5. If a motion for leave to file an amended complaint is not filed, judgment will be entered without further notice.

Dated this 26th day of March, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge