IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY MASON, | |
| Plaintiff, | 4-20-CV-3088 |
| vs. | |
| CONTITECH NORTH AMERICA, INC. f/k/a VEYANCE TECHNOLOGIES, INC. , | MEMORANDUM AND ORDER |
| Defendant. | |

Timothy Mason sued ContiTech North America, Inc. claiming unlawful age discrimination led to his demotion. Filing 1 at 2. The Court previously dismissed Mason's complaint (filing 1) for failure to state a claim, but also allowed Mason fourteen days to file a motion for leave to amend his complaint under Fed. R. Civ. P. 15. Filing 24. Mason's motion for leave to amend (filing 25) is now before the Court. For the reasons set forth below, that motion will be denied.

I. STANDARD OF REVIEW

The Court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). But the Court may deny a motion for leave to amend if amendment would be futile. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Denial on the basis of futility is proper when the Court concludes that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6). *Id.*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II. DISCUSSION

Mason alleges that ContiTech discriminated against him on the basis of age when it promoted him to labor balancer, denied him training in that position, and then, over a year later, demoted him from labor balancer to another job that paid less.[1] *See* filing 25-1 at 2. The Court ruled that Mason's original complaint failed to state a claim because it did not allege direct evidence of age discrimination and also failed to allege facts to plausibly establish a claim under the *McDonnell Douglas* burden-shifting framework for age discrimination claims.[2] Filing 24 at 7. The Court reasoned that Mason's

---

[1] For a slightly more detailed version of the facts, see the Court's prior ruling (filing 24).

[2] The ADEA prohibits discrimination against employees age 40 and over because of their age. *See* 29 U.S.C. §§ 623(a), 631(a); *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 798 (8th Cir. 2014). A plaintiff may establish a claim of intentional age discrimination either by offering direct evidence of discrimination or by satisfying the *McDonnell Douglas* burden-shifting framework. *Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-803 (1973).

allegations "that his performance of the labor balancer job was satisfactory and that ContiTech's suggestion it was unsatisfactory [was] a false reason 'for demotion'," were "merely labels and conclusions devoid of any factual substance" and did not accept them as true. Filing 24 at 7. And the Court explained that Mason's complaint as a whole did not plausibly allege age as the but-for cause of Mason's demotion, particularly where Mason did not allege he was replaced by someone younger. Filing 24 at 7.

Mason's proposed amended complaint *does not* elaborate on or revise his allegations regarding his own performance or ContiTech's "false reason for demotion." *See* filing 25-1 at 2. And while Mason now alleges "[t]hat [he] was replaced by a younger worker as labor balancer," he provides no specifics (e.g. whether the younger worker was substantially younger or also a part of the 40 and over protected class). Filing 25-1 at 2. Mason also added the following allegations:

- That [he] bid into his job by seniority under a collective bargaining agreement. At the time of the bid, [Mason] had 27 years seniority.

---

Establishing a prima facie case of age discrimination is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-512 (2002); *Blomker v Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). But the elements of a prima facie case are not irrelevant to a plausibility determination in a discrimination suit, they are part of the background against which a plausibility determination should be made and may be used as a prism to shed light upon the plausibility of the claim. *Blomker*, 831 F.3d at 1056.

- That [he] had a right to the job under the collective bargaining agreement in force at in [sic] 2017 and 2018.

- That a reasonable finder of fact could find seniority as a proxy for age.

Filing 25-1 at 2. According to Mason, the proposed changes show that ContiTech's "failure to honor a seniority system dictated by a collective bargaining [sic] can reasonably be inferred to be age discrimination." Filing 25 at 2.

ContiTech opposes Mason's motion and argues amendment would be futile. Filing 26 at 3-5. ContiTech reasons that because Mason did not allege additional facts regarding his alleged "satisfactory" performance or "younger" replacement, that he still fails to state a claim for age discrimination. Filing 26 at 3. And ContiTech suggests that the allegations regarding the collective bargaining agreement and seniority are "irrelevant and fail to make [Mason's] age discrimination claim more plausible." Filing 26 at 3. The Court agrees.

Mason still does not allege any direct evidence[3] of age discrimination by ContiTech either at the time training was denied or when he was later demoted. *See* filing 25-1, filing 24 at 7. That means the Court must determine whether Mason's proposed amended complaint states a claim under *McDonnell Douglas*. To establish a prima facie case of age discrimination under *McDonnell Douglas*, a plaintiff must show he (1) was at least forty years old,

---

[3] Direct evidence includes "conduct or statements by persons involved in making the employment decision directly manifesting a discriminatory attitude . . . that would allow the factfinder to conclude that attitude more likely than not was a motivating factor in the employment decision." *Erickson v. Farmland Indus.*, 271 F.3d 718, 724 (8th Cir. 2001).

(2) suffered an adverse employment action, (3) was meeting his employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012); *see Blackwell v. Alliant Techsystems., Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). And a plaintiff must allege but-for causation. *See Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017).

Mason's amended complaint fails to state a claim for largely the same reasons his original complaint failed. His allegations that his performance of the labor balancer job was satisfactory and that ContiTech falsely suggests it was unsatisfactory are still merely labels and conclusions, devoid of any factual substance, and which the Court need not accept as true. *Iqbal,* 556 U.S. at 678. And while Mason added a conclusory allegation that he was replaced by someone younger, he does not allege the person was substantially younger, or that the person was not part of the protected class. *See* filing 25-1 at 2. So, the allegations in Mason's proposed amended complaint, taken as a whole, do not plausibly allege age as the but-for cause of Mason's demotion as required. *See Wilson,* 850 F.3d at 372.

The Court also agrees with ContiTech that even if Mason's allegations about the collective bargaining agreement and Mason's seniority are taken as true, those allegations do nothing to plausibly state a claim for age discrimination. *See* filing 26 at 4. ContiTech correctly points out that Mason was not denied a position he was entitled to under the collective bargaining agreement. Filing 26 at 4. And ContiTech rightly argues that even if Mason had a "right to the job," as he alleges, he still had to perform the job satisfactorily. Filing 26 at 4.

Mason alleges he *was* promoted to the labor balancer job (presumably because ContiTech honored the collective bargaining agreement and Mason's seniority, which the Court will accept as true), and then *over a year later* was demoted and told his performance was unsatisfactory. Filing 25-1 at 1-2. It is not clear how, on these facts, Mason's seniority was used as a "proxy for age" and could permit a reasonable inference of age discrimination. *See* filing 25-1 at 2.

In its previous ruling, the Court accepted as true that ContiTech knew that Mason was 55 years old and that Mason was demoted. Filing 24 at 7. But those allegations alone, as previously explained, *do not* plausibly allege that age was the but-for cause of Mason's demotion. Similarly, Mason's new allegations that he had 27 years seniority and was protected under a collective bargaining agreement *do not* plausibly allege the but-for causation required—if anything they reinforce that Mason was part of the protected class, which is not a deficit that Mason was instructed to cure.

So, just as in his original complaint, Mason's "naked assertions devoid of further factual enhancement" cannot survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Accordingly,

IT IS ORDERED:

1. Mason's motion for leave to file an amended complaint (filing 25) is denied.

2. This case is dismissed.

3. A separate judgment will be entered.

Dated this 11th day of May, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge